UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES AROKIUM,<br>    *Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF CORRECTIONS,<br>    *Defendant*. | No. 3:17-cv-00548 (JAM) |

**ORDER OF TRANSFER**

Petitioner Charles Arokium brings this petition for a writ of habeas corpus pursuant to 28 § 2254. For the reasons that follow, I will transfer this case to the United States Court of Appeals for the Second Circuit.

Arokium was convicted in Connecticut state court of possession of narcotics with intent to sell. He challenged his conviction in the state courts, both on direct appeal and through post-conviction proceedings. On January 9, 2017, he filed a petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his conviction was based on evidence obtained in violation of the Fourth Amendment. I dismissed that petition, because I found that Arokium had been able to fully and fairly litigate his Fourth Amendment claim in the Connecticut state courts. *See Arokium v. Comm'r of Corr.*, No. 17-cv-0002 (Jan. 14, 2017), https://ecf.ctd.uscourts.gov/cgi-bin/show_public_doc?2017cv2-4.

On April 3, 2017, plaintiff filed another petition in this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Doc. #1. This petition appears to raise the same Fourth Amendment claim that Arokium presented in his earlier petition and that I previously dismissed, notwithstanding this petition's claim that Arokium has not previously filed a federal habeas petition. *See* Doc. #1 at 15 (answering "no" to the question, "Have you previously filed any type

1

of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?").

Under 28 U.S.C. § 2244, a petitioner must seek permission from the Court of Appeals before filing a second or successive habeas petition in district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Arokium does not provide any evidence that he has filed a motion in the Second Circuit to obtain authorization for me to consider this petition. Without authorization from the Second Circuit, I do not have jurisdiction to consider Arokium's petition. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

Under these circumstances, I am required to transfer the petition to the Second Circuit. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) ("When a second or successive petition for habeas corpus relief . . . is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to [28 U.S.C.] § 1631.").

Therefore, in accordance with the requirements of 28 U.S.C. § 2244(b)(3)(A) and in the interest of justice pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit to enable that court to determine whether the claims raised in this petition should be considered by the district court.

It is so ordered.

Dated at New Haven this 5th day of April 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge